Mr. J nstice J ames
delivered the opinion of the court.
The petitioner shows that he is the Medical Director of the United States Navy and it appears that the Secretary of the Navy issued to him the following communication and order:
“Washington, February 26th, 1885.
“Sir: Transmitted herewith you will receive charges and specifications preferred against you by the Department.
“A general court-martial has been ordered to convene in rooms numbered 32 and 33, at the Navy Department, Washington, D. C., at 12 o'clock, noon, on Monday, the 9th proximo, at which time and place you will appear and report yourself to Rear-Admiral Edward Simpson, U. S. Navy, the presiding officer of the court, for trial. The judge-advocate will summon such witnesses as you may require for your defence.
“You are hereby placed under arrest, and you will confine yourself to the limits of the city of Washington.”
The return of the Secretary of the Navy states:
“ That the said Philip S. Wales is not now, nor was not *39 at the time of issuing the annexed writ, in the custody or possession of or confined or restrained of his liberty by your respondent, other than appears by the papers marked A, B and C attached hereto and made a part of this return, and that the cause of such detention, if any there be, is fully shown in said exhibits.”
In other words, it appears that what is characterized as a restraint of liberty in this case, was exercised only by the order which I have just read.
The question presented is, whether the petitioner is under that kind of restraint for which the writ of habeas corpus is the proper remedy. What is meant by the statement, “You are placed under arrest?” The army regulations show that that is a military phrase which does not import close confinement. The order itself, however, without the assistance of the explanation which may be drawn from the regulations, defines precisely the character of the restraint. It is that the arrest consists of confining himself in his movements to the city of Washington.
Authorities were cited to us to the effect that words could constitute an imprisonment; but nothing of the kind was decided by these cases. It was only held that where an officer, having the power to make an actual, physical arrest, presented himself to a person and told him, “I arrest you,” then the words imported that the officer took possession of him. The words did not constitute a deprivation of liberty, b\it were simply proof of the nature of the officer’s conduct. His presence and demeanor were explained by what he said, and his presence and demeanor, not the words, had the effect to deprive the party of his liberty.
Here we have an order which simply informs the party that he shall confine himself to the limits of the city of Washington. As a matter of fact he could go where he pleased. His liberty is not restrained, except as he chooses to restrain himself by complying with the order rather than incur the consequences of disobeying it. If he is confined to the city of Washington, he confines himself. That, we think, disposes of the whole question. Dr. Wales is not *40 under restraint except so far as lie chooses to obey a military order. He can disobey ib at any moment and leave the District as freely as any person in the District can do so. He prefers to stay rather than incur the possible penalty of disobedience. In short, it is shown by his own petition that he is not under that hind of restraint from which a writ of habeas corpus will deliver a person. That writ contemplates actual, physical restraint.
With this view we have not thought it proper to examine into the validity of the order of arrest. Our power to look into that subject is incidental" to the inquiry into the lawfulness of an actual imprisonment. If we find no imprisonment we have no power to examine the validity of the order.
There is another very good reason why we should not do so. If the petitioner should actually be deprived of his liberty and imprisoned under the sentence of the court-martial referred to, this court could he called upon again to look into that question; and it is not proper, as we think, to intimate any conclusion in anticipation of any such possible result.
Mr. Justice Wylie.
I wish to say just one word. The writ of habeas corpus will only lie for the purpose of restoring to liberty a man who has been unjustly imprisoned, and I suppose the proposition cannot be denied that, unless an action for false imprisonment could be maintained against the party who has done the act in question, the writ of habeas corpus will not lie in behalf of the person who is subjected to the proceedings. It is yery clear, I think, that no action for false imprisonment would lie on behalf of Dr. Wales against the Secretary of the Navy for his. order. If he could not maintain an action for false imprisonment, then he has not been imprisoned in such a way as to give him the benefit of habeas corpus.
On that subject I will read a few lines from Selwyn’s Nisi Prius, page 915:
“ False imprisonment is a restraint on the liberty of the *41 person without lawful cause; either hy confinement in prison, stocks, house, &c., or even by forcibly detaining the party in the streets against his will.” For this injury an action of trespass vi et aronis lies, usually termed an action for false imprisonment.
In a note to that there is a reference to the opinion of Judge Baldwin in the case of Johnson v. Tomkins, reported in 1 Baldwin, 601, which it appears to me is directly in point in this case:
“It is not necessary to constitute false imprisonment that the person restrained of his liberty should be touched or actually arrested, if he is ordered to do or not to do the thing, to move or not to move against his own free will, if it is not left to his own option to go or stay where he pleases, and force is offered or threatened, and the means of coercion are at hand, ready to be used, or there is reasonable ground to apprehend that coercive means will be used if he does not yield. A person so threatened need not wait for its actual application. His submission to the threatened and reasonably to be apprehended force is no consent to the arrest, detention or restraint of the freedom of his motion, he is as much imprisoned as if his person was touched or force actually used; the imprisonment continues until he is left at his own will to go where he pleases, and must be considered as involuntary till all efforts at coercion or restraint cease and the means of effecting it are removed.”
But the presence of some sort of physical force to restrain the man of his liberty is always necessary to constitute the imprisonment. A mere moral force is not sufficient for the purpose. In the present case the consequence of the violation by Dr. Wales of this order is that, under the articles relating to the navy, he would lose his office. He can go if he chooses, but he would lose his office. That is the penalty. That is a moral influence. It is not the presence of physical force.
I have my doubts upon the other point, as to the power of a court-martial to try a pian for negligence in the per *42 formance of his duties in connection with a bureau of the department, though I do not wish to commit myself upon that subject.
Mr. Wilson: We desire to test this question further as to whether this is an - arrest such as a party can be delivered from by writ of habeas corpus. I suppose the ruling of the court will be that the demurrer, as filed, is overruled.
Mr. Blair: It occurs to me that the better judgment in the case would be to dismiss the writ. The overruling of the demurrer will hardly answer.
Mr. Justice James: If my brother Wylie concurs, we will overrule the demurrer and dismiss the writ.
Mr. Justice Wylie: That will be the order.